ARKELL SAFETY BAG CO. ET AL. *v.* UNITED STATES

**No. 4951.**—Invoices dated Forshaga, Sweden, December 27, 1934, etc.
Certified December 28, 1934, etc.
Entered at New York January 11, 1935; Boston, Mass., April 10, 1931;
Norfolk, Va., May 3, 1933; Baltimore, Md., August 3, 1933; Portland, Me., August 8, 1934; Philadelphia, Pa., June 3, 1938; etc.
Entry Nos. 773977, 13682, 593, 393/1, 16, 10048, etc.

(Decided June 25, 1940)

*Sharretts & Hillis* (*Arthur L. Tallman* of counsel) for the plaintiffs.
*Webster J. Oliver,* Assistant Attorney General (*Samuel D. Spector,* special attorney) for the defendant.

KINCHELOE, Judge: These appeals to reappraisement listed in schedule A attached to my decision herein and made a part hereof involve the proper dutiable value of certain machine-glazed Kraft paper imported from Sweden. When the cases were called for hearing, counsel for plaintiffs moved that they be consolidated for the purposes of trial, to which counsel for defendant offered no objection, whereupon the order of consolidation was issued by the court.

At the trial, counsel for the respective parties stipulated in substance as follows:

(1) That the paper covered by the instant appeals to reappraisement is the same in all material respects as that which was the subject of the decision in the case of *Arkell Safety Bag Co.* v. *United States,* Reap. Dec. 4670.

(2) That the record in said case may be incorporated herein.

(3) That there is no foreign value for the paper in question.

Plaintiffs called as a witness, one George Fredson Baine, a salesman of Borregaard Co., Incorporated, who had appeared as a witness on behalf of the plaintiff in the *Arkell Safety Bag Co.* case, *supra.* Said witness testified that he personally negotiated all of the sales to American customers of the paper involved in the appeals before me; that said sales were negotiated in the same manner as those concerning which the witness testified in the *Arkell Safety Bag Co.* case, *supra;* that the invoice prices for the instant merchandise are the prices actually paid therefor; that there were no offers for sale or quotations of said merchandise at prices higher than the invoice prices, except for the green paper covered by reappraisement 105429–A, and the rolls covered by reappraisement 133033–A; and that all of the prices were the c. i. f. prices, ports of entry, subject to a 2 per centum cash discount and included amounts for inland freight, ocean freight, dock dues and wharfage, and insurance premium.

In the *Arkell Safety Bag Co.* case, *supra*, the record in which case has been incorporated herein, it was found that the foreign market for machine-glazed Kraft paper, such or similar to that involved therein, was a controlled market subject to conditions and restrictions fixed by a cartel agreement between wholesalers and dealers; that there was no foreign-market value, within the meaning of such value as defined in section 402 (c) of the Tariff Act of 1930, for such or similar merchandise; that the proper basis of appraisement for said merchandise was export value, within the judicial interpretation of said value for tariff purposes; that all of the sales of said paper were negotiated to American importers without any restriction or condition upon the American purchasers, either as to use or quantity; and that the price for said merchandise was the same regardless of the quantity purchased.

On the basis of the entire record before me, I find the following facts:

(1) That the merchandise in question consists of machine-glazed Kraft paper imported from Sweden.

(2) That the foreign market, at the times of exportation of the instant merchandise, for such or similar merchandise was a controlled market.

(3) That there was no foreign-market value, as such value is defined in section 402 (c) of the Tariff Act of 1930, for the instant merchandise, at the times of exportation thereof.

(4) That the proper basis of appraisement for said merchandise is export value, as such value is defined in section 402 (d) of said act and as legally interpreted in the *Arkell Safety Bag Co.* case, *supra*.

(5) That such dutiable export values of said merchandise are the unit c. i. f. invoice values, except as to the green paper covered by reappraisement 105429–A, and the rolls covered by reappraisement 133033–A, less 2 per centum cash discount, inland freight, ocean freight, dock dues and wharfage, and insurance premium as invoiced.

(6) That such dutiable export values for the green paper covered by reappraisement 105429–A is $2.35 per hundred pounds, less 2 per centum cash discount, inland freight, ocean freight, dock dues and wharfage, and insurance premium as invoiced. .

(7) That such dutiable export value for the paper in rolls and covered by reappraisement 133033–A is $3.20 per hundred pounds, less 2 per centum cash discount, inland freight, ocean freight, dock dues and wharfage, and insurance premium as invoiced.

I hold as matter of law that the correct dutiable values of the instant merchandise are the export values as set forth in facts (5), (6), and (7). Judgment will be rendered accordingly.